**Irene WALLER, Appellant,**

v.

**COCA COLA BOTTLERS ASSOCIA-
TION et al., Appellees.**

No. 16480.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 1, 1975.

Murray L. Lieberman, Houston, for appellant.

Robert G. Taylor II, Houston, for appellee; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

EVANS, Justice.

This is a products liability case. Irene Waller sued Coca-Cola Bottlers Associa-

tion and Belden's Food Giant for injuries received when a six-pack carton of Sprite, bottled by Coca-Cola, came apart as she lifted it from the display stack in Belden's store. Mrs. Waller's leg was lacerated by fragments of glass from the bottles which fell from the carton and broke upon impact with the floor. At the close of the plaintiffs' evidence Coca-Cola was granted an instructed verdict. After all the evidence was presented, the trial court granted Belden's motion for instructed verdict and entered a take nothing judgment against Mrs. Waller. This appeal is from that judgment, but an agreed motion to dismiss the appeal as to Coca-Cola has been filed.

Mrs. Waller testified that in August, 1970 she went to Belden's Food Giant to buy soft drinks. She pushed a shopping basket to a soft drink display against the wall where the cartons were stacked one on top of the other. She lifted one Sprite carton from the stack in front of her and put it into the shopping cart. When she started to put a second carton into the shopping cart basket, the bottom of the carton "fell out" and all the bottles fell to the floor and broke. She still held the handle of the carton in her hand and when she looked at the carton "the bottom was just hanging down." She testified she did not know what happened to the carton after the accident. Mrs. Waller did not become aware that anything was wrong with the carton until the bottles came out of it. She did not know how long the particular carton had been on display in the store. She looked at the carton as she picked it up but did not examine it.

Concerning her damages, Mrs. Waller testified that the fragments of the broken bottles struck her left leg cutting it and causing it to bleed badly and that immediately following the accident she went to the hospital where her wound was stitched. She testified that she was subsequently treated on five occasions but no evidence was introduced as to the cost of her medical expenses. Mrs. Waller testified she felt nothing when her leg was cut and that

she no longer had any effect from the injury, although she said the injury bothered her during the two months after the accident and caused her to be nervous and upset.

■ In order to sustain her burden, Mrs. Waller was required to prove that she made ordinary and reasonable use of the carton, in a manner anticipated by Belden's, and that she was injured as a result of an identifiable defect in the carton. McKisson v. Sales Affiliates, Inc., 416 S. W.2d 787 (Tex.1967); Coca-Cola Bottling Company of Houston v. Hobart, 423 S.W. 2d 118 (Tex.Civ.App.–Houston [14th] 1967, writ ref'd n. r. e.). Mrs. Waller testified that she was not aware that anything was wrong with the carton until the bottles fell from it and she could not testify as to any specific defect in the carton. However, it might reasonably be inferred from her testimony that the bottom of the carton was either so weak or torn that when carried as intended, the weight of the bottles caused it to come apart. It was not Mrs. Waller's burden to establish the specific nature of the deficiency in the bottom of the carton which caused it to come apart. It was sufficient that she prove by the circumstances that the bottom of the carton was so defective that it would not support the weight of the bottles under ordinary use. Hobart, supra; J. Weingarten, Inc. v. Delfina Obiedio, 515 S.W.2d 308 (Tex.Civ.App.–Houston [1st] 1974, writ ref'd n. r. e.).

■ In our opinion Mrs. Waller's testimony raised questions of fact for the jury as to whether the carton was dangerously defective when offered for sale and as to whether such condition was the producing cause of her injury. Coca-Cola Bottling Company of Houston v. Hobart, supra; Kroger Co. v. Bowman, 411 S.W.2d 339 (Ky.1967). We are further of the opinion that Mrs. Waller's testimony as to her physical pain and suffering raised an issue of fact as to her claim for monetary damages even in the absence of expert

medical testimony. Coca-Cola Bottling Company of Ft. Worth v. McAlister, 256 S.W.2d 664 (Tex.Civ.App.–Ft. Worth 1953, no writ).

 Belden's argues that the action of the trial court in granting its motion for instructed verdict was proper because of Mrs. Waller's failure to plead that Belden's negligence was a proximate cause of her injuries. Belden's contends that this defect in Mrs. Waller's pleading was pointed out in its motion for instructed verdict and that it was not waived by failure to present special exceptions to the pleading. In view of the fact that Mrs. Waller's petition does allege that the defective condition of the carton was the proximate cause of her injuries, we hold that she was entitled, under her pleading, to have the case submitted under her theory of strict liability. Her failure to allege "proximate cause" under her theory of general negligence would not preclude her right to seek recovery under the strict liability theory.

Belden's further contends that Mrs. Waller's sole point of error is too general as to entitle her to review in this court. We agree with Belden's that this point, which merely asserts error on the part of the trial court in withdrawing the case from the jury and granting judgment for Belden's as well as the argument made thereunder, leaves much to be desired. However, we believe the argument does point out the question of whether there is sufficient evidence of probative force to require submission of issues under the theory of strict liability. Thus, while the point may be defective we consider that a review of the question is required.

We hold that the trial court erred in instructing a verdict in favor of Belden's Food Giant, and the trial court's take nothing judgment as to Belden's Food Giant is reversed and remanded. The agreed motion to dismiss the appeal as to Coca-Cola Bottlers Association is granted, and the appeal as to Coca-Cola Bottlers Association is ordered dismissed.