**Eileen C. OSER, Plaintiff,**

v.

**WAL–MART STORES, INCORPO-RATED, and Vanguard Plastics, Inc., Defendants.**

**Civil Action No. H–95–501.**

United States District Court, S.D. Texas, Houston Division.

Sept. 19, 1996.

G.P. Hardy, III, Hardy & Johns, Houston, TX, for Eileen Oser.

Alan N. Magenheim, Magenheim, Bateman, Robinson, Wrotenbery Helfand, L.L.P., Houston, TX, for Wal–Mart Stores Inc.

Jeffrey H. Marsh, Mattingly & Marsh, Houston, TX, for Vanguard Plastics Inc.

### MEMORANDUM AND ORDER

ATLAS, District Judge.

This is a products liability action, based on theories of strict liability and negligence, brought by Plaintiff Eileen Oser ("Plaintiff"). Defendant Wal–Mart Stores, Inc. ("Defen-

dant" or "Wal–Mart") has filed a **Motion for Summary Judgment** [Doc. # 37] ("Motion"). The Court has considered the Motion and its supporting exhibits, Plaintiff's Response, all other matters of record in this case, and the relevant authorities. For the reasons stated below, the Motion is now **DENIED.**

## I. *FACTUAL BACKGROUND*

On August 18, 1993, Plaintiff Eileen Oser purchased, among other items, a gallon jar of apple juice from Defendant Wal–Mart Stores, Inc. *See* Plaintiff's Third Amended Original Petition ("Petition") [Doc. # 28], ¶ 4. According to Plaintiff's Petition, as she walked away from the check-out counter, the jar fell through the plastic bag in which Wal–Mart's employee had placed it and shattered on the floor, causing Plaintiff to slip in the juice and injure herself on the floor and on the glass. *Id.,* ¶ 5.

Plaintiff claims that her injuries were proximately caused by a defect in the plastic bag Wal–Mart used to bag her groceries and by Wal–Mart's negligence.[1] *Id.,* ¶¶ 6–17. She raises a number of specific allegations to support theories of both strict products liability, including claims that the plastic bag was unreasonably dangerous due to manufacturing, design, and marketing defects, and of negligence.[2] *Id.*

In its Motion, Wal–Mart argues that because it did not participate in the manufacture or design of the plastic bag, Plaintiff's strict products liability action can rest only in a possible marketing defect. Defendant's Motion, ¶ 7. Wal–Mart further argues that it cannot be liable for a marketing defect because its summary judgment evidence shows that it had no duty to warn Plaintiff that the bag was dangerous. *Id.,* ¶ 14. In addition, based on its proof that it only used the bag in accordance with the manufactur-

er's intended purpose, Wal–Mart claims that as a matter of law it cannot be found to have been negligent. *Id.,* ¶ 15.

## II. *SUMMARY JUDGMENT STANDARD*

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Boze v. Branstetter,* 912 F.2d 801, 804 (5th Cir.1990). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *Boze,* 912 F.2d at 804 (citing *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 *revised on other grounds upon denial of reh'g,* 70 F.3d 26 (5th Cir.1995).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. For any matter on which the nonmovant carries the burden of proof at trial, however, the movant may, by merely pointing to the absence of evidence supporting the essential elements of the nonmovant's case, shift to the nonmovant the burden of demonstrating by competent

---

1. Plaintiff has also brought suit against Vanguard Plastics, Inc., the manufacturer of the plastic bag. Vanguard Plastics, Inc., is not a party to the Motion for Summary Judgment.

2. Plaintiff's specific allegations relevant to Wal–Mart's potential strict liability are that the plastic bag was defective and unsafe for its intended purpose when it was given to Plaintiff in that the bag was unreasonably dangerous and that Wal–Mart gave inadequate warnings regarding the

safe use of the bag. Regarding the negligence claim, Plaintiff alleges that Wal–Mart was negligent in putting the gallon bottle of juice in the bag when it knew or should have known the bottle of juice would be too heavy for the bag, in failing to discover the defect in the bag, in the purchase and use of a carrying bag not suited for its intended purpose, and for failing to properly and adequately train its employees regarding the proper use of the bag.

summary judgment proof that there is an issue of material fact so as to warrant a trial. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir.1995); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir.1995), *revised on other grounds*, 79 F.3d 1415 (5th Cir.1996) (en banc); *Little*, 37 F.3d at 1075. In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands*, 66 F.3d at 92; *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552).

## III. DISCUSSION

### A. Strict Products Liability

■ In order for Plaintiff to prevail in her action for strict products liability, she must prove, first, that the bag was defective and unreasonably dangerous and, second, that the bag's dangerous condition caused her injury.[3] *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 377 (Tex.1984). The first prong of this test may be satisfied by evidence of a defect in the bag's manufacture, design, or marketing. *Id.* Wal–Mart contends that because it purchased the bag from Vanguard Plastics, Inc., and was not involved in the manufacture or design of the bag, Plaintiff's strict liability claim can lie only in a possible marketing defect.[4] Defendant's Motion, ¶ 7. Following this conclusion, Wal–Mart bases its entire summary judgment argument for the strict liability claim on evidence intended to negate any issue of material fact regarding a possible marketing defect.[5]

■ The case law indicates, however, that under the law of strict products liability, retailers as well as manufacturers can be liable for injuries caused by manufacturing and design defects, even when retailers are not involved in the manufacturing or design process but instead serve only as conduits for the product between manufacturers and the public. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 432 (Tex.1984); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1218 (5th Cir.1985); *Waller v. Coca Cola Bottlers Association*, 523 S.W.2d 306 (Tex. App.—Houston, 1975) (finding that grocery

---

**3.** In its Motion, Wal–Mart does not dispute the causation element of this standard but instead argues that it cannot be liable for any possible defect. Although Wal–Mart indicated orally before the Court that it intends to show at trial that the incident was caused by Plaintiff and not by any defect of the bag, this argument was not included in the Motion.

**4.** A strict products liability action based on a marketing defect theory requires proof that Defendant knew or should have known of a potential risk of harm presented by the product but marketed it without providing adequate warning to the consumer or instructions for its safe use. *USX Corp. v. Salinas*, 818 S.W.2d 473, 482–83 (Tex.App.—San Antonio, 1991, writ den'd).

**5.** Specifically, Wal–Mart asserts that it has not been aware of any defect or danger associated with the bag and offers evidence that it used the bag in accordance with the use intended by the manufacturer, since the bag was designed to carry a much greater weight than a gallon of apple juice. Defendant's Motion, ¶ 14. These offers of proof do not properly address the elements of a marketing defect claim. If the bag was defective, the issue is whether Wal–Mart *should have known* that fact. The Court is not aware of any case which establishes that, under strict products liability law, a retailer is automatically shielded from liability by evidence that the manufacturer approved its particular use of a product. Even if Defendant's proof could be seen to meet its summary judgment burden, Plaintiff has submitted more than a scintilla of evidence that could allow a reasonable jury to find that Wal–Mart should have known that the bag might be defective. In particular, Plaintiff points out that at least 100 claims have been made against Vanguard Plastics, Inc., regarding some defects with its bags. *See* Plaintiff's Response to Wal–Mart's Motion for Summary Judgment [Doc. # 41] ("Response"), ¶ 4; Deposition of William C. Seanor (Exhibit A to Response).

store could be held strictly liable for customer's injuries when carton holding soft drink bottles fell apart causing glass bottles to shatter on the floor); 59 *Texas Jur.* (3rd ed. 1988), Products Liability, § 29. Under section 402A of the Restatement (Second) of Torts, which Texas courts have adopted to govern strict products liability actions, *see McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967), retailers and manufacturers are jointly and severally liable for injuries caused by defective products. *See Duncan*, 665 S.W.2d at 429.

 Thus it does not matter whether Wal–Mart can in any way be considered at fault for the bag's potentially defective manufacture or design. If the bag was in fact defective, then, under § 402A, Wal–Mart, as a distributor of the bag, may be held strictly liable for Plaintiff's injury.[6] The reasoning behind this rule is that the seller's position as a business both justifies a customer's assumption that the seller has undertaken a special responsibility for product safety and supplies a mechanism for loss spreading. *See Galindo*, 754 F.2d at 1218. Texas courts have emphasized that the purpose of the strict products liability doctrine is not solely to assess fault against defendant manufacturers and retailers but is instead to further the goals of equitable loss distribution and risk minimization. *Id.* In *General Motors Corp. v. R.M. Hopkins*, 548 S.W.2d 344, 351 (Tex. 1977), overruled on other grounds by *Duncan and Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979), the Texas Supreme Court explained:

> [A supplier's] liability is not rested upon what he knew or should have known when he manufactured or sold the product; it rests on his placing into the stream of commerce a product which is demonstrated at trial to have been dangerous. The damaging event may not have been reasonably foreseeable at the time of manufacture or sale because the dangerous factor of the product might not then have been even reasonably knowable. The supplier would thus be free of culpability, but a price of his doing business is to protect people from danger from his products or to pay.

 If Wal–Mart was in fact an innocent victim of the manufacturer's sale of defective bags, then Wal–Mart would have a right to indemnity from the manufacturer. *See Galindo*, 754 F.2d at 1218 ("between consumer and retailer, retailer should bear the loss; between innocent retailer and manufacturer, manufacturer should indemnify"), citing *Duncan*, 665 S.W.2d at 432. However, this right of indemnity does not permit the Court to grant summary judgment in favor of Wal–Mart. As discussed above, the purpose of joint and several liability for manufacturers and retailers in a strict products liability action is to insure that a wronged plaintiff is able to recover damages for her injury. Were Plaintiff able to prove her cause of action at trial and Vanguard Plastics, Inc., became insolvent before the judgment was satisfied, Plaintiff should still be entitled to recover her damages.[7]

In its Motion, Wal–Mart has presented no argument or evidence that the bag was not defective in its manufacture or design. On the contrary, Wal–Mart alleges that if there was any problem with the bag, it was due to

---

6. Wal–Mart might argue that it cannot be liable under § 402A because it gives the plastic bags to customers for free, in order for them to carry their groceries, and thus is not a retailer of the bags. However, to be held strictly liable as a retailer, it is not necessary that Wal–Mart actually *sell* the bag. Courts have interpreted § 402A to include any distributor who "introduce[s] products into the channels of commerce," *Rourke v. Garza*, 530 S.W.2d 794, 800 (Tex.1975). The Fifth Circuit has noted that "the Texas courts have not demanded literal adherence to section 402A's requirement that the defendant 'sell' the product," *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1218, n. 10 (5th Cir.1985). Instead, the determinative issue is whether the defendant has released the product to the consuming public. *See Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 375 (Tex.1978).

7. *See Duncan*, 665 S.W.2d at 429: "The existence of joint and several liability becomes important when one or more defendants are insolvent. When a defendant is insolvent ... joint and several liability furthers the fundamental policy of tort law to compensate those who are injured."

a manufacturing defect.[8] Defendant's Motion, ¶ 15. In addition, Wal–Mart has not established as a matter of law that it cannot be liable for a marketing defect. In short, rather than disputing that the bag was defective, Wal–Mart emphasizes that it used the bag only as it was instructed to by the manufacturer. Because its arguments do not address the proper issues to negate the possibility of strict products liability under § 402A, Wal–Mart has not met its summary judgment burden on this claim.

### B. *Negligence*

Wal–Mart's response to Plaintiff's negligence claim parallels its argument against strict liability. It claims that it cannot be found negligent since it used the bag in accordance with the manufacturer's intentions for its use, had no previous problems with the bag, and thus had no reason to know there was any risk of danger associated with the bag. *See* Defendant's Motion, ¶ 18. In response, Plaintiff argues that the question of whether Wal–Mart breached its duty to a customer is an issue for the jury to decide and should not be disposed of based on the manufacturer's assertion that the bag should have been able to hold a weight greater than that of the gallon of juice. Plaintiff's Response, ¶ 3. In particular, Plaintiff contends that Wal–Mart acted unreasonably by not double-bagging the juice and by not adequately training its employees to know when to use a double bag. *Id.*

█ In a products liability case, a supplier can be found negligent in two ways. First, if a supplier knows or has reason to know that a product is likely to be dangerous for the use for which it is supplied and has no reason to believe that a consumer will realize its dangerous condition, then the supplier is negligent if it does not provide adequate warning to the consumer or instructions for its safe use. *See* 59 *Texas Jur.* (3rd ed. 1988), Products Liability, § 6. Wal–Mart's response to this point is addressed in the discussion above regarding the marketing defect theory of strict liability. Second, a supplier may also be found negligent if it fails to exercise reasonable care to make a product safe for the use for which it was supplied. *See Id.* In effect, Wal–Mart addresses this point by arguing that the manufacturer's statement that the bag should have been able to carry a much greater weight than the gallon jar proves that Wal–Mart exercised reasonable care.

█ The Court agrees with Plaintiff that Wal–Mart cannot rely wholly on the representations of the manufacturer, who is also a defendant in this suit, to establish that Wal–Mart exercised reasonable care and thus that no issue of material fact remains for the jury. The Fifth Circuit has stated that "the use of summary judgment is rarely appropriate in negligence or products liability cases, even where the material facts are not disputed," *Davidson v. Stanadyne, Inc.,* 718 F.2d 1334, 1338 (5th Cir.1983). *See also Cross v. Cummins Engine Co.,* 993 F.2d 112 (5th Cir.1993). *Davidson* lists several issues that courts may use to dispose of a negligence claim as a matter of law, but the question of what constitutes defendant's reasonable care is not one of them.[9] Thus, the Court finds that it has no legal basis for

---

8. Wal–Mart's Motion even refers to the bag as "the defective plastic bag." Defendant's Motion, ¶ 6. At oral argument on the Motion, however, Wal–Mart raised for the first time its contention that the bag was *not* defective. Because Plaintiff bears the burden of proof on the issue of defectiveness, if Wal–Mart had included this argument in its Motion, then, under *Transamerica,* 66 F.3d at 718–19, the burden would have shifted to Plaintiff to provide some evidence showing the existence of a factual issue regarding the alleged defect. Although Plaintiff has not submitted any summary judgment evidence to support her contention that the bag was defective, she would still have satisfied this burden through her reliance on the doctrine of *res ipsa loquitur.* *See* Plain-

tiff's Petition, ¶ 18; *McGonigal v. Gearhart Industries,* 788 F.2d 321 (5th Cir.1986); *Haddock v. Arnspiger,* 793 S.W.2d 948 (Tex.1990); *Pittsburg Coca–Cola Bottling Works of Pittsburg v. Ponder,* 443 S.W.2d 546 (Tex.1969) (in a products liability case, a plaintiff's proof problems in demonstrating a defect are substantially the same for strict liability and negligence theories; thus *res ipsa loquitur* applies to both theories).

9. The issues the court lists include the existence of an agency relationship, waiver, and whether a plaintiff is in a class protected by statute. *Davidson,* 718 F.2d at 1339, n. 8.

disposing of the negligence claim through summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 37] is **DENIED**.