**Ronald L. LOVE, Plaintiff,**

v.

**BOYD GAMING CORPORATION, d/b/a Sam's Town Hotel and Gambling Hall, Defendant.**

**No. 2:97CV23–B–B.**

United States District Court,
N.D. Mississippi,
Delta Division.

July 21, 1997.

---

6. This date represents the first Monday after the government received the movants' letter terminating the administrative forfeiture proceeding.

Sidney F. Beck, Jr., Olive Branch, MS, for plaintiff.

Peyton S. Irby, Jr., Watkins, Ludlam & Stennis, Jackson, MS, for defendant.

### MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendant's verified fee application. On June 6, 1997, this court granted the defen-

dant's motion to dismiss and awarded the defendant reasonable attorney's fees and case expenses. Pursuant to the court's order, the defendant's attorney submitted a fee application detailing the fees and expenses incurred in presenting the defendant's motion to dismiss. The plaintiff has failed to respond.

■ In awarding attorney's fees, the court must arrive at a "lodestar" figure by multiplying the reasonable number of hours expended by the prevailing hourly rate in the community for similar work. *Nisby v. Commissioners Court of Jefferson County,* 798 F.2d 134, 136–137 (5th Cir.1986). The court must then consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974),[1] to determine whether the lodestar figure should be adjusted to reflect any factors not otherwise subsumed in the lodestar calculation. *Nisby,* 798 F.2d at 136–137.

■ The defendant's fee application seeks $2,104.50 in attorney's fees, itemized as follows:

Peyton S. Irby, attorney—6.5 hours—$180.00 per hour;

Ricky G. Luke, attorney—5.85 hours—$140.00 per hour; and

Carol Pittman, legal assistant—1.65 hours—$70.00 per hour.

The plaintiff has failed to respond to the defendant's fee application. Therefore, neither the time expended nor the prevailing hourly rates are disputed. By not contesting the fee requests of the plaintiffs, the defendants, in effect, admit the validity of the requested amounts. *See Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 722 (5th Cir. 1995); *United States v. Con–Real Support Group, Inc.,* 950 F.2d 284, 290 (5th Cir.1992). The court has reviewed the verified fee application of the defendant and finds the reported hours to be reasonably expended. The court likewise finds that since each of the requested hourly rates is unopposed, they are presumed to be commensurate with the prevailing rates in the community. Therefore, the court finds that the foregoing amount requested by the plaintiffs consti-

---

1. Under Local Rule 15(b)(3), the *Johnson* factors are to be considered for any fee application.

tutes the appropriate lodestar amount. The court has considered the twelve factors set forth in *Johnson* and repeated in Local Rule 15(b)(3), but finds that an adjustment to the lodestar is not warranted.[2] Therefore, the court finds that the defendant is entitled to an award of $2,104.50 in attorney's fees.

■ Upon due consideration, the court finds that the defendant's expenses are reasonable and necessary, and that the defendant should be compensated accordingly. Therefore, the court finds that the defendant is entitled to an award of $191.65 in case expenses.

## CONCLUSION

For the foregoing reasons, the court will award the defendant $2,104.50 in attorney's fees and $191.65 in case expenses.

---

**2.** Since neither party has requested an adjustment to the lodestar, the court will not specifical-  ly address each of the twelve factors.