IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31038
Summary Calendar

_____


DAVID WILLIAMS,

                                        Plaintiff-Appellant,


versus

GLOBAL MOVIBLE OFFSHORE, INC.,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-1689-D
- - - - - - - - - -
July 17, 1997
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    David Williams appeals the district court's denial of his

motion for a continuance made on the day of trial, award of

damages, and assessment of 10% fault against Williams.

    We review the district court's denial of a motion to

continue trial for abuse of discretion, and will reverse the

district court only if its ruling was arbitrary and clearly

unreasonable.  <u>Dorsey v. Scott Wetzel Services, Inc.</u>, 84 F.3d

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR . R.
47.5.4.

170, 171 (5th Cir. 1996); Transamerica Insurance Co. v. Avenell, 66 F.3d 715, 721 (5th Cir. 1995). The medical testimony of the various doctors was not so unclear as to Williams' diagnosis and prognosis that the district court abused its discretion in denying the continuance for want of additional evidence.

We review the district court's award of damages and assessment of 10% comparative fault against Williams for clear error. Rhodes v. Guiberson Oil Tools, 82 F.3d 615, 620 (5th Cir. 1996); Avondale Industries, Inc. v. International Marine Carriers, Inc., 15 F.3d 489, 492 (5th Cir. 1994). Clear error exists when, "the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Justiss Oil Co. v. Kerr-McGee Refining Corp. 75 F.3d 1057, 1062 (5th Cir. 1996).

The evidence indicates that Williams was improved five months following the accident, that he suffered from low grade reflex sympathetic dystrophy, and that he should recover fully within a reasonable amount of time. The district court's award of two years of lost wages and $25,000 in general damages was not clear error.

The district court did not commit clear error in apportioning 10% fault to Williams for not positioning himself in such a way to better alert him to the one ton basket's movement, a risk known to him. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 338-39 (5th Cir. 1997).

AFFIRMED.