IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60098
Summary Calendar
_____


ROBERT E. JOHNSON,

Plaintiff-Appellant,

versus

HINDS COUNTY, MISSISSIPPI; ET AL,

Defendants,

HINDS COUNTY, MISSISSIPPI; HINDS COUNTY SHERIFF'S DEPARTMENT;
POLICE DEPARTMENT OF THE CITY OF JACKSON, MISSISSIPPI;
JOHN DOES, Individually and in their official capacity
as officers of the Jackson Police Department and
Hinds County Sheriff Department; HINDS COUNTY DETENTION CENTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-675-BN
--------------------
November 3, 2000

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Robert E. Johnson appeals the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 and state law claims against Hinds County, the Hinds County Sheriff's Department, and the Hinds County Detention Center (collectively "Hinds County"), and the district court's denial of his motion for additional time

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to respond to Hinds County's summary judgment motion.  Johnson also appeals the district court's dismissal of the City of Jackson and the Jackson Police Department pursuant to Rule 12(b)(6).  Because Johnson failed to object timely to the magistrate judge's order denying Johnson's motion to amend the complaint out of time, this court lacks jurisdiction to review the order.  Fed. R. Civ. P. 72(a); Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

"This court reviews the grant of [a] summary judgment motion de novo, using the same criteria used by the district court in the first instance."  Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).  To establish municipal/county liability under § 1983, a plaintiff must demonstrate that an official municipal policy or custom caused the constitutional violation.  Monell v. Department of Soc. Servs. of New York, 436 U.S. 658, 690 (1978).

Johnson maintains that municipal liability should be imposed here because the prison administrator denied him medical care, and the shift commander and other officers at the detention center failed to follow the county's written restraint chair policy. Although municipal liability may be imposed as a result of the single act or omission of a final policymaker, our decision in Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996), makes clear that Sheriff McMillin, and not the prison administrator or shift commander, would be considered the final policymaker with respect to all law enforcement decisions made within Hinds County. Johnson's discussion of overcoming the defense of qualified

2

immunity in individual capacity claims under § 1983 is not relevant to his municipal liability claims against Hinds County. Furthermore, Johnson fails to address the dismissal of his state law claims. Because Johnson failed to establish a genuine issue of material fact regarding his claims against Hinds County, the district court's summary judgment in favor of Hinds County is affirmed. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Johnson contends that the district court abused its discretion in denying his Rule 56(f) motion for additional time to respond to Hinds County's motion for summary judgment. The decision to grant or deny a Rule 56(f) motion is within the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion. Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1156 (5th Cir. 1993). This court will affirm a denial of a continuance of a summary judgment motion "unless it is arbitrary or clearly unreasonable." Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 721 (5th Cir. 1995).

While Johnson has described a barrage of discovery he allegedly needed to obtain, he failed to demonstrate how that evidence would create a genuine issue of material fact regarding his claim that Hinds County had a policy or custom that caused the violation of his constitutional rights. Bauer v. Albemarle Corp., 169 F.3d 962, 968 (5th Cir. 1999). Furthermore, Johnson has failed to demonstrate on appeal how he was prejudiced by the district court's denial of his motion for additional time. Fontenot v.

3

UpJohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). We have carefully reviewed the record and the parties' briefs relating to this issue. Because of the discretion vested in the district court and because no resultant prejudice was shown, the district court's denial of Johnson's motion for additional time to respond to Hinds County's motion for summary judgment is affirmed. Transamerica Ins. Co., 66 F.3d at 721; Fontenot, 780 F.2d at 1194.

Finally, because it appears that no relief could be granted to Johnson under any set of facts that could be proven consistent with his § 1983 allegations against the City, and because he failed to address the dismissal of his state law claims, the district court's dismissal of Johnson's claims against the City for failure to state a claim under Rule 12(b)(6) is affirmed. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).

AFFIRMED.