**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-50529
Summary Calendar
_____

MICHAEL E. BISHOP, Dr.,

Plaintiff-Appellant,

VERSUS

BAYLOR UNIVERSITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas, Waco Division
(W-98-CV-131)

March 13, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Plaintiff Dr. Michael E. Bishop ("Bishop") appeals the
dismissal on summary judgment of his employment discrimination
claims against Baylor University. He also challenges certain
orders issued by the district court denying requests for extension
or modification of discovery deadlines.

As to the district court's decision to grant Baylor's motion

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for summary judgment on the merits and the resulting order to dismiss Bishop's claims, we affirm for essentially the reasons stated in the district court's order dated April 4, 2000.

As to the district court's denial of Plaintiff's requests for extensions of discovery deadlines and for new or modified scheduling orders, we start with the premise that a district court's denial of a continuance for additional discovery is reviewed to determine whether it represents an abuse of discretion and will not be overturned unless it is arbitrary or clearly unreasonable. Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 721 (5th Cir. 1995). As it appears that plaintiff's motions for additional time for discovery were made for the purpose of obtaining evidence with which to oppose defendant's motion for summary judgment, we will evaluate it as a motion under Rule 56(f). To obtain a continuance in accordance with this rule, a party must explain (1) why it is currently unable to present evidence creating a genuine issue of material fact, and (2) how a continuance would enable the presentation of such evidence. Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc., 48 F.3d 927, 930 (5th Cir. 1995). With regard to the first element, Bishop's motions cite primarily his counsel's substantial work obligations in other cases. While we are sympathetic to counsel's plight as a solo practitioner, we note that this case had been pending for eight months prior to a joint request for extension of the discovery deadlines (which the district court granted) and for four

additional months before Bishop requested the first of the extensions at issue on appeal. During the four month extension period, Bishop noticed no depositions of the witnesses whose testimony is now deemed critical to this case. Under these circumstances, we cannot say that the district court abused its discretion in denying further extensions of the discovery deadline.

Accordingly, the judgment of the district court is AFFIRMED.