United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 03-40684
Summary Calendar

---

JAMES B. HARRIS,

Plaintiff-Appellant,

versus

BASF CORPORATION, doing business as Delaware Mew Corporation,

Defendant-Appellee.

---

**Appeal from the United States District Court
for the Southern District of Texas
(G-02-CV-132)**

---

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James B. Harris appeals dismissal, with prejudice, of his action claiming violations by BASF of the Texas Commission on Human Rights Act (TCHRA). Harris claims he was subjected to race and age discrimination while employed at BASF and was terminated in August 2000 as a result. He filed a Charge of Discrimination with the EEOC on 6 March 2001, 207 days after his termination; it dismissed the charge on 30 July 2001. Harris requested a Notice of Right to File a Civil Action from the Texas Commission on Human Rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(THCR) on 22 October 2001, which he received on 9 November 2001.

This action was filed in Texas state court on 14 January 2002. BASF removed it to federal court; its summary judgment motion was granted on 12 February 2002.

Harris contends the district court abused its discretion: first, by denying him the opportunity to amend his complaint; and second, by denying his Rule 56(f) motion for a continuance to respond to BASF's summary judgment motion.

Prior to filing an action based upon TCHRA violations, a plaintiff must exhaust administrative remedies. *See Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 487 (Tex. 1991). An aggrieved employee must file his formal complaint with the EEOC or TCHR no later than 180 days after the date of the alleged unlawful employment practice. *See* Tex. Lab. Code §21.202(a). As noted, Harris did not do so until 207 days after his termination, the last day discriminatory conduct could have occurred. Therefore, as the district court held, the TCHRA claims are time-barred.

In this regard, Harris contends that the district court abused its discretion by not allowing him to amend his pleadings to include additional state and federal claims, which he asserts were not time-barred. In deciding whether to grant leave to amend, district courts generally consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

2

undue prejudice to the opposing party, and futility of amendment". *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court did not abuse its discretion in deciding that allowing Harris to expand his action from three claims to eight would cause undue delay and undue prejudice to BASF at a late stage in the proceedings (four months prior to trial).

Harris also contests the district court's not allowing him to conduct discovery to respond to BASF's summary judgment motion. Such denial of a Rule 56(f) motion for a continuance is reviewed for abuse of discretion and will be affirmed "unless it is arbitrary or clearly unreasonable". *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 721 (5th Cir. 1995). Harris' continuance motion was his third request for such an extension. Moreover, the only claims then before the district court were for TCHRA violations. Again, these claims were time-barred. The district court did not abuse its discretion.

*AFFIRMED*