**BRUECHER FOUNDATION SERVICES, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**No. A 06–CA–376 LY.**

United States District Court,
W.D. Texas,
Austin Division.

May 3, 2007.

———

Erwin S. McGee, Law Office of Erwin McGee, Austin, TX, for Plaintiff.

Cynthia E. Messersmith, Department of Justice, Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND OR-DER DENYING PLAINTIFF'S MO-TION FOR PARTIAL SUMMARY JUDGMENT

YEAKEL, District Judge.

Before the Court is Plaintiff Bruecher Foundation Services, Inc.'s ("Bruecher's") Motion for Partial Summary Judgment filed October 19, 2006 (Clerk's Document 3), Defendant United States of America's response filed December 15, 2006 (Clerk's Document 8), and Bruecher's reply filed December 26, 2006 (Clerk's Document 9). After reviewing the motion, the response, the reply, the applicable law, and the case file, the Court will deny the motion.

### Background

Bruecher, a foundation-repair company, brings this action seeking a refund of employment taxes paid to the Internal Revenue Service ("IRS").[1] On July 2, 2003, the

---

1. For clarity, Defendant United States of America will be referred to throughout this Order as the Internal Revenue Service or IRS, the agency of which Bruecher complains.

IRS informed Bruecher of an assessment against Bruecher of employment taxes, penalties, and interest. The IRS claims the taxes are owed by Bruecher for fourteen individuals each in the calendar years 1999 and 2000, who were paid by Bruecher for labor related to Bruecher's construction projects. The parties dispute the classification of those workers; Bruecher contends they are contract laborers and the IRS contends they are employees. Bruecher paid the assessed taxes and immediately sought a refund on July 1, 2005. Following the IRS's denial of the refund claims, Bruecher filed suit in this Court on May 19, 2006.

By its motion, Bruecher requests that this Court grant summary judgment on the issue of whether Bruecher is entitled to relief from the IRS's assessment against it under Section 530 of the Revenue Act of 1970 ("Safe Harbor" relief). *See* Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 2885–86, § 530(a)(1) (reproduced at 26 U.S.C. § 3401 note). Bruecher contends that there is no genuine issue of material fact regarding its satisfaction of all the statutory elements required for Safe Harbor relief.

### Summary–Judgment Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *cited in Commerce & Indus. Ins. Co. v. Grinnell Corp.*, 280 F.3d 566, 570 (5th Cir.2002). In determining whether fact issues exist, the Court "must view the facts and the inferences to be drawn therefrom in the light

most favorable to the nonmoving party." *Id.* Further, the Court, in determining whether there is a genuine dispute as to any material fact, must consider all of the evidence in the record, but does not make credibility determinations or weigh the evidence. *Austin v. Will–Burt Co.*, 361 F.3d 862, 866 (5th Cir.2004). "The movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which he bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir.1995). The movant can meet its burden if it "establish[es] beyond peradventure *all* of the essential elements of the claim ...." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).

"The nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir.2002). The nonmovant may not rely on mere allegations in the pleadings. *Id.* Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir.1995). If the record as a whole could not lead a rational jury to find for the nonmoving party, there is no genuine issue for trial and summary judgment is warranted. *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir.1999).

### Safe Harbor Relief

 The Revenue Act of 1978 created Safe Harbor relief for taxpayers involved in "controversies involving whether individuals are employees for purposes of the employment taxes" under certain circumstances:

(1) **In general.**—If—

(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and

(B) ... all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 2885–86, § 530(a)(1) (reproduced at 26 U.S.C. § 3401 note).[2] The act specifies three nonexclusive situations allowing a taxpayer to be "treated as having a reasonable basis for not treating an individual as an employee." *Id.* at § 530(2). The third, and most applicable, provision treats a taxpayer as having such a "reasonable basis" when the taxpayer's treatment of an individual as a nonemployee was in "reasonable reliance" on "longstanding recognized practice of a significant segment of the industry in which such individual was engaged." *Id.* at § 530(a)(2)(C).

The IRS concedes that Bruecher satisfies the requirement that it "did not treat [the workers] as [ ] employee[s] for any period." *Id.* at § 530(a)(1)(A). The parties primarily dispute whether Bruecher filed all required federal tax returns, including information returns, "on a basis consistent with [Bruecher's] treatment of [its workers]" as not being employees. § 530(a)(1)(B).

The Internal Revenue Code requires all persons engaged in a trade or business to file a Form 1099 information return when such persons make payments of more than $600 to another person in any taxable year. 26 U.S.C. § 6041(a). This requirement applies to payments made to contract laborers. *See W. Mgmt., Inc. v. United States,* 45 Fed.Cl. 543, 554 (Fed.Cl.2000); *see also* 26 C.F.R. § 1.6041–1(e) (citing examples involving payments to nonemployees). The statute requires the information returns filed in accordance with Department of the Treasury regulations. 26 U.S.C. § 6041(a). The relevant regulation requires the returns for any given calendar year to be filed by February 28 of the following year. 26 C.F.R. § 1.6041–6 (2000).

**2.** Bruecher bears the burden to establish each of the statutory elements of Safe Harbor relief. *Fontenot,* 780 F.2d at 1194. The Court will not place the burden on the IRS to disprove Bruecher's claim, as Bruecher requests. Bruecher notes that the Revenue Act of 1978, as amended, requires that the IRS "shall, before or at the commencement of any audit inquiry ... provide the taxpayer with a written notice of the provisions of this section." Small Business Job Protection Act of 1996, Pub.L. No. 104–188, sec. 1122(a), 110 Stat. 1755, 1766 § 530(e)(1) (reproduced at 26 U.S.C. § 3401 note). Bruecher contends that the IRS's failure to provide Bruecher with written notice effectuates a reversal of the burden of proof, placing the burden on the IRS to disprove Bruecher's entitlement to summary judgment on Safe Harbor relief. This Court finds no legal support for such an assertion, and Bruecher identifies none. The Court notes that, generally, if the taxpayer is cooperative and establishes a *prima facie* case of reasonable basis for the classification of its workers, the burden of proof shifts to the IRS on this element of Safe Harbor relief. *Id.* at § 530(e)(4). Because the Court will not reach the issue of whether Bruecher establishes a *prima facie* case of reasonable basis, such a shifting of the burden of proof does not apply. The Court will not address whether any failure by the IRS to provide notice constitutes a due-process violation because Bruecher does not claim any such violation.

Having paid more than $600 to each worker whose classification is in dispute for each relevant calendar year, Bruecher was required to file the information returns for those workers for the calendar years 1999 and 2000 by February 28, 2000, and February 28, 2001, respectively. The IRS contends that Bruecher is not entitled to Safe Harbor relief because it did not file the appropriate returns for its workers until May 17, 2006, two days before filing this action. Bruecher admits that it did not timely file the informational returns for the years 1999 and 2000, but argues that *timely* filing is not required to meet the Safe Harbor requirements. Bruecher contends that, because the statute contains no explicit requirement of timeliness, it may benefit from Safe Harbor relief regardless of when it filed its information returns.

The IRS directs the Court to a revenue ruling directly applicable to the present case, in which a taxpayer failed to file its information returns in a timely manner. *See* Rev. Rul. 81–224, 1981–2 C.B. 197. In the ruling, the taxpayer did not file the requisite information returns until after an IRS agent audited the taxpayer and questioned whether its workers should have been treated as employees for previous years. *Id.* The IRS concluded in its revenue ruling that the taxpayer was not entitled to Safe Harbor relief, because the taxpayer did not timely file its information returns. *Id.* The IRS later adopted the holding in a published revenue procedure, specifying that a taxpayer will not obtain Safe Harbor relief "if the appropriate Form 1099 has not been timely filed with respect to the workers involved." Rev. Proc. 85–18, 1985–1 C.B. 518 n. 2.

■ This Court should "generally accord significant weight to the determinations of the IRS in its revenue rulings." *St. David's Health Care Sys. v. United States,* 349 F.3d 232, 239 n. 9 (5th Cir.

2003). The Court further notes the consistency by the IRS of adhering to Revenue Ruling 81–224 for more than twenty-five years. *See United States v. Mead,* 533 U.S. 218, 228, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). Using the ruling as a "starting point," *id.,* the Court concludes that Bruecher is not entitled to summary judgment on the issue of whether it filed all required information returns on a basis consistent with its treatment of its workers as nonemployees. The legislative history of the Revenue Act of 1978 indicates that the filing requirement was enacted to account for the taxpayer's good faith in its classification of its workers:

> Individuals ... who may not be reclassified are those whom the taxpayer consistently has treated in good faith as independent contractors for employment tax purposes. The taxpayer shall be deemed to have acted in good faith only if all Federal tax returns (including information returns) required to be filed by the taxpayer were filed on a basis consistent with a taxpayer's treatment of such individuals as independent contractors and the taxpayer treated such individuals as independent contractors in reasonable reliance ....

S. REP. No. 95–1263, at 210 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 6761, 6973. A taxpayer's filing of its returns only after the IRS challenges the classification of its workers fails to demonstrate the good faith that Congress sought to require by demanding that a taxpayer file the appropriate tax returns. *See, e.g., Boles Trucking v. United States,* 77 F.3d 236, 239 (8th Cir.1996) (identifying legislative intent to protect taxpayers misclassifying workers in "good faith"); *Gen. Inv. Corp. v. United States,* 823 F.2d 337, 340 (9th Cir.1987) ("[w]ithout question, Congress intended to protect employers who exercised good faith in determining whether their workers were employees or independent contrac-

tors"); *Cf. Med. Emergency Care Assocs., S.C. v. Comm'r,* 120 T.C. 15, (2003) (granting Safe Harbor relief where taxpayer filed untimely information returns but mailed returns before audit commenced). Interpreting a late filing such as Bruecher's as satisfying the filing requirement would thus defeat the purpose of such requirement.

Considering the applicable revenue ruling and the legislative purpose of the Revenue Act of 1978, this Court finds that Bruecher has failed to establish that its late information-return filings satisfy the Safe Harbor statutory filing requirement as a matter of law. *See Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Having failed to timely file information returns for its workers for the years 1999 and 2000, Bruecher is not entitled to summary judgment regarding its compliance with the requirement to file all federal tax returns consistent with its treatment of its workers as contract laborers.

### Conclusion

Because Bruecher is not entitled to summary judgment regarding its satisfaction of the statutory provision that "all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee," this Court need not consider whether Bruecher had a "reasonable basis" for treating its workers as contract laborers rather than employees. *See* Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 2885–86, § 530(a)(1)(B); *see also Fontenot,* 780 F.2d at 1194. Bruecher has not met its burden regarding its entitlement to summary judgment under Section 530 of the Revenue Act of 1978. *See Transamerica Ins. Co.,* 66 F.3d at 718.

**IT IS THEREFORE ORDERED** that Bruecher's Motion for Partial Summary Judgment (Clerk's Document 3) is **DENIED**.