United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40880
Summary Calendar

CARLOS ARMENTA,

Plaintiff-Appellant,

versus

MEDICAL DIRECTOR REGINALDO STANLEY; PHYSICIAN'S ASSISTANT
JONATHAN PLEASANT; DEBRA GRIGG; ATTORNEY GENERAL OFFICE OF TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(5:04-CV-285)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carlos Aviles Armenta, Texas prisoner #
743688, appeals the dismissal of his 42 U.S.C. § 1983 complaint as
frivolous and for failure to state a claim on which relief may be
granted. Armenta contends that the district court erred in (1)
dismissing his claim, (2) denying the appointment of counsel, and
(3) denying discovery. We construe his "motion for summary
judgment" as a supplement to his appellate brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Armenta asserts that on January 27, 2004, Nurse Grigg gave Armenta a few Tylenol tablets and sent him to solitary confinement with a broken nose, dislocated shoulder, and serious rib injury; that there was a two-day delay in medical attention from January 27 to January 29; that Dr. Stanley treated him by phone and prescribed ibuprofen for ten days; that P.A. Pleasant prescribed nasal saline spray for Armenta's broken nose and refused to order x-rays of Armenta's ribs; and that Armenta's ribs were not x-rayed until March 5. Armenta's own allegations in his complaint and the medical records fail to show that any of the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). To the extent Armenta argues that the defendants should have employed a different course of treatment or should have ordered a rib x-ray at an earlier time, his allegations and the underlying facts do not support a constitutional claim grounded in deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The district court did not abuse its discretion in declining to appoint counsel to represent Armenta. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Neither has Armenta shown that the district court abused its discretion regarding its discovery

orders.  See <u>McKethan v. Texas Farm Bureau</u>, 996 F.2d 734, 738 (5th Cir. 1993).

The district court's dismissal for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g).  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  We caution Armenta that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; ALL PENDING MOTIONS DENIED; SANCTION WARNING ISSUED.