# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 09-40368
Summary Calendar

Charles R. Fulbruge III
Clerk

CARLOS AVILES ARMENTA,

Plaintiff - Appellant

v.

JACQUELINE CHATMAN, Mailroom supervisor, Telford Unit; STEPHANIE G. DERAMCY, Mailroom clerk at Telford Unit; JOSETTA LINDSEY, Mailroom employee, Telford Unit; LORETTA SMITH, Mailroom employee, Telford Unit; DAISY DRISKELL, Mailroom employee, Telford Unit; WILLIAM BEATY, JR., Mailroom employee, Telford Unit; GINA SULLIVAN, Mailroom employee, Telford Unit; CHEQUITA DUNBAR, Law library supervisor, Telford Unit; TAMMY SHARP, Law library employee, Telford Unit; JONATHAN ROBERSON, Law library employee,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07cv178

Before KING, STEWART, and HAYNES, Circuit Judges.

No. 09-40368

PER CURIAM:[*]

Plaintiff-Appellant Carlos Aviles Armenta ("Armenta"), a *pro se* inmate, filed suit against Defendants-Appellees Stephanie DeRamcy, Daisy M. Driskell, Chequita Dunbar, Josetta L. Lindsey, Loretta Smith, Gina "Sullivan" Roseberry, Jonathan Roberson, Tammy Sharp, William A. Beatty Jr., and Jacqueline Chatman (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983 for censoring his mail in retaliation for previously filed grievances and lawsuits. The magistrate judge recommended that the district court grant Defendants' motion for summary judgment, deny Armenta's motion for summary judgment, and dismiss the case with prejudice. The district court overruled Armenta's objections and adopted the magistrate judge's recommendations. We AFFIRM.

## I. BACKGROUND

This appeal arises from Armenta's filings in connection with his criminal case. Armenta is incarcerated at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Defendants are various prison officials at the Telford Unit, including supervisors and employees from the law library and mailroom.

On January 6, 2006, Armenta filed a subsequent state habeas petition in Texas state court; the application was dismissed by the Texas Court of Criminal Appeals (TCCA) on June 28, 2006. On July 6, 2006, Armenta filed a "notice of appeal" with the TCCA that he would file a petition for discretionary review. The clerk of the court docketed the notice and assigned a case number. On July 13, 2006, however, the clerk sent a letter to Armenta advising him that the Texas Rules of Appellate Procedure do not provide for discretionary review for the denial of an application for habeas relief. The clerk's letter further stated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

that Armenta's notice of appeal had been placed in his file, and that no further action would be taken. Nonetheless, during the last week of July 2006, Armenta filed a motion for a 30-day extension to file an appeal. The TCCA received the motion on August 17, 2006. On August 12, 2006, Armenta filed his appeal. As with all legal filings mailed by indigent prisoners, the appeal was processed by law library and mailroom employees at the prison.

After hearing nothing from the TCCA, Armenta wrote to the clerk of the court. In a letter dated July 12, 2007, he was told that his application for a writ of habeas corpus was dismissed as a subsequent application on June 28, 2006. On July 18, 2007, he wrote to the clerk to confirm that he had filed his appeal, enclosing a copy of the appeal. On July 19, 2007, he filed a motion to file an out-of-time habeas appeal. Armenta also contacted the mailroom and law library to determine if his appeal was mailed, and received no response. On July 22, 2007, Armenta filed a grievance regarding the mailing of his appeal, but the grievance was returned unprocessed because the grievance time period had expired. His subsequent appeal was also rejected.

On November 6, 2007, Armenta filed this suit, alleging that Defendants destroyed his legal documents and censored his mail, thus preventing his appeal from arriving at the TCCA and denying him access to the courts in violation of the First Amendment. Armenta further claimed that Defendants were motivated by retaliation for Armenta's previous lawsuits filed against various prison officials.[1] He also alleged that Defendants conspired to deprive him of his rights.

---

[1] In his complaint, Armenta claimed that in December 2004, he filed a lawsuit regarding medical conditions which was opened, censored, and sent to the wrong court by prison law library officials. He also alleged that in April 2005, mailroom employees tampered with and destroyed one of five legal envelopes sent to the federal court in another lawsuit against law library officers. He also stated that in April 2006, he filed another lawsuit in federal court complaining about conspiracy to file false disciplinary charges against him, motivated by retaliation.

No. 09-40368

After the case was referred to the magistrate judge, Armenta was ordered to file an amended complaint clarifying his claims. In the amended complaint, Armenta alleged substantially the same claims and sought to invoke the pendent jurisdiction of the court.[2] The magistrate issued a second order on April 14, 2008, ordering Defendants to answer or otherwise plead to Armenta's amended complaint. The magistrate's order also provided that within thirty days after the answer was filed, the parties were to disclose all information relevant to any claims or defenses, and that no further discovery would be allowed except by order of the court. On May 21, 2008, Defendants filed an answer in which they asserted Eleventh Amendment and qualified immunity.

Despite the order, Armenta served discovery demands on Defendants on May 28, 2008. On June 4, 2008, Defendants filed a motion to quash Armenta's discovery demands as untimely. In response, Armenta filed a motion to compel discovery. On June 17, 2008, Defendants provided Armenta with initial disclosures. Armenta filed a second motion to compel on June 18, 2008. In an order dated July 2, 2008, the magistrate granted Defendants' motion to quash and denied Armenta's motions to compel discovery. The magistrate held that Defendants had already provided disclosure as required under the discovery plan, and therefore Armenta's document requests were moot.

On July 3, 2008, Armenta filed a motion for summary judgment, another motion to compel discovery, and a motion for continuance to allow for further discovery. On August 4, 2008, Defendants filed a motion for summary judgment and a response to Armenta's motion. Armenta filed a response. He also filed a motion to amend the complaint.

The magistrate judge issued a report and recommendation that Armenta's motion for summary judgment be denied, that Defendants' motion should be

---

[2] This claim was not raised in subsequent pleadings or in the appellate briefs and is therefore waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

No. 09-40368

granted, and that all claims against Defendants should be dismissed with prejudice.    The district court overruled Armenta's filed objections and adopted the magistrate's report.    The district court granted Defendants' motion for summary judgment, denied all claims not previously ruled upon, and entered a final judgment dismissing Armenta's claims with prejudice.    Armenta timely appealed.

## II. DISCUSSION

The relevant issues in this appeal are: (1) whether the district court erred in granting summary judgment to Defendants; (2) whether the district court abused its discretion in denying Armenta's motion for leave to amend the complaint; and (3) whether the district court abused its discretion in denying Armenta's discovery motions.[3]

### A. Summary Judgment

The district court adopted the magistrate's findings that: (1) Armenta's denial of access to court claim was meritless, because he could not demonstrate actual injury caused by any alleged delay in transmitting his mail; (2) Armenta failed to establish causation in his retaliation claim, and failed to allege operative facts of any conspiracy[4]; and (3) Armenta failed overcome his burden

---

[3] Defendants request that we acknowledge this appeal as a "strike" pursuant to the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). We have previously held that the district court's dismissal of Armenta's § 1983 action for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g). *See Armenta v. Stanley*, 211 F. App'x 266, 267, No. 05-40880, 2006 WL 3455799, at *1 (5th Cir. Nov. 20, 2006), *cert. denied*, 127 S. Ct. 2044 (2007). Here, however, Armenta's claims were dismissed on the merits; neither the magistrate court nor the district court dismissed his action as frivolous or malicious, or for failing to state a claim pursuant to § 1915(e)(2), which permits dismissal on these grounds. *Compare id.*; *cf. Wilson v. Lynaugh*, 878 F.2d 846, 851 (5th Cir. 1989) (noting that § 1915 dismissal is not a decision on the merits).    Accordingly, we decline to classify this appeal as a "strike."

[4] The magistrate court analyzed Armenta's conspiracy claims under § 1983.  However, Armenta specifically alleged in his original and amended complaints violations of 42 U.S.C. § 1985(3), the civil rights conspiracy statute.  Nonetheless, Armenta failed to raise the issue in his motion for summary judgment or in his appellate briefs, and therefore waives it. *See*

5

on qualified immunity because he failed to demonstrate a constitutional violation or that Defendants acted unreasonably.

We review the grant of summary judgment de novo, applying the same standards as the district court. *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). We "view the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Riverwood*, 420 F.3d at 382 (citation omitted).

### *1. Denial of Access to Courts*

Section 1983 permits a private right of action for violations of federal law by those acting under the color of state law. 42 U.S.C. § 1983. Here, Armenta alleges that Defendants denied him access to the courts in violation of the First Amendment when they failed to mail his motion for an extension of time and therefore prevented it from arriving at the TCCA in a timely manner.

An inmate alleging denial of the right of access to courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. *Brewster v. Dretke*, 587 F.3d 264, 769, (5th Cir. 2009) *(*citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). The right of access only encompasses a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1999).

---

*Yohey*, 985 F.2d at 225 ("Although we liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved.").

No. 09-40368

This requires the inmate to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *Brewster*, 2009 WL 3738532, at *2 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

As the magistrate court found, Armenta cannot demonstrate injury because his legal claim is not tenable. Under Texas law, a motion for rehearing on an order that denies habeas corpus relief under the Texas Code of Criminal Procedure may not be filed. TEX. R. APP. P. 79.2(d). The July 13, 2006 letter from the TCCA clerk states plainly that, under this rule, discretionary review of denial of a habeas petition is not available. The letter also states that the notice of appeal was received and would be placed in his file, and that no further action would be taken. Accordingly, Armenta could not proceed with his appeal of the denial of habeas relief. Because Armenta's appeal of his habeas denial is impermissible under Texas law, he cannot raise a constitutional claim that his ability to pursue the claim was hindered. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (noting, where plaintiff's legal mail was withheld, that "it can be shown that no real prejudice resulted because [prisoner plaintiff's] appeal was ultimately frivolous").

Armenta incorrectly relies on *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993), in which we reversed summary judgment for the defendants because the prisoner plaintiff set forth a cognizable constitutional claim for denial of access to the courts by alleging that prison officials arbitrarily opened an item of his outgoing legal mail and removed a "writ of mandamus," thereby preventing the document from arriving in the district court. 3 F.3d at 825-26. Here, however, Defendants presented evidence that Armenta's motion for an extension of time left the mailroom on July 25, 2006, and that the TCCA received the document. Armenta offers no supporting evidence that the document was not properly mailed, and his bald assertions are insufficient to overcome summary judgment. *Cf.* FED. R. CIV. P. 56(e) (requiring more than mere allegations in the pleadings).

7

No. 09-40368

Even if Defendants had held the mailing, the delay would not have caused actual injury, because Armenta's claim was invalid under Texas law.  *See Ruiz*, 160 F.3d at 275.

### 2. Retaliation Claims

Armenta also argues that Defendants withheld his motion for an extension in retaliation for his lawsuit against defendants Dunbar and Sharp, and the warden of the Telford Unit.  To prove retaliation, Armenta must show: (1) the invocation of a specific constitutional right; (2) Defendants' intent to retaliate against him for his exercise of the right; (3) a retaliatory adverse act; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).  Mere conclusory allegations of retaliation are insufficient; Armenta must allege more than his personal belief that he is the victim of retaliation.  *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citations omitted).  Here, Armenta has not shown that his prior lawsuit against library officials and the warden motivated any retaliation, nor has he shown "a chronology of events from which retaliation may plausibly be inferred." *Id*.  Accordingly, Defendants were correctly granted summary judgment on this claim.

### 3. Qualified Immunity

Armenta argues that Defendants are not entitled to qualified immunity. Once a public official raises the defense of qualified immunity, a plaintiff must demonstrate (1) a violation of a constitutional right and (2) that the right at issue was clearly established at the time of the violation. *Pearson v. Callahan*, — U.S. —, 129 S.Ct. 808, 815-16 (2009).  Because Armenta failed to show that Defendants violated his constitutional rights regarding his retaliation claim, he failed to show that Defendants were not entitled to qualified immunity. *See Zarnow v. City of Wichita Falls, Tex.*, 500 F. 3d 401, 407 (5th Cir. 2007).

8

## B.  Motion for Leave to Amend Complaint

Armenta argues that the district court erred when it denied his motion for leave to amend the complaint.  We review the district court's denial of the motion for abuse of discretion.  *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008).

The magistrate did not rule specifically on the motion for leave to amend in her report.  In the order adopting the magistrate's recommendations, the district court issued an omnibus denial of all undecided motions in the case, including, presumably, the motion for leave to amend.  Armenta states that in his initial complaint, he alleged that Defendants destroyed his appeal because the TCCA did not send him a notice of receipt.  In the amended complaint, he argues, he would have alleged that the TCCA did not send a notice of receipt or rule on the appeal because the motion arrived untimely due to Defendants holding the motion for 23 days.

Rule 15(a) provides in part that the "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  While the court probably should have listed reasons for the denial, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), the well-developed record demonstrates that Armenta's amendment would have been futile to his claims.  *See Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529-30 (5th Cir. 1994) (concluding that based on a well-developed record that plaintiff's claim would fail as a matter of law, remand to allow leave to amend was not required).   Therefore, there was no abuse of discretion.

## C.  Discovery Motions

Armenta also argues that the district court erred in adopting the magistrate's recommendation to deny his motion for continuance to conduct discovery, and his motions to compel discovery.

We review the denial of discovery motions for abuse of discretion. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 721 (5th Cir. 1995) (motion for

continuance); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (motion to compel discovery). We affirm the denial of the motion "unless it is arbitrary or clearly unreasonable." *Transamerica Ins. Co.*, 66 F.3d at 721.

We find no abuse of discretion. In its July 2 order, the magistrate denied Armenta's motions to compel and granted Defendants' motion to quash, because Defendants had already provided disclosure as required under the discovery plan, and therefore Armenta's document requests were moot. The court also referred to its earlier scheduling order that no discovery (beyond initial disclosures) could occur without the court's consent. In its July 16 order, the magistrate denied Armenta's motion for continuance pending discovery because the motion addressed the same discovery demands that the court quashed in its July 2 order. Neither ruling was arbitrary or clearly unreasonable. *Id.*

## III. CONCLUSION

For all the foregoing reasons, we affirm the district court.